IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS EDEN GARCIA,<br>   #02128847,<br>            PETITIONER,<br><br>v.<br><br>LORIE DAVIS, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION DIV.,[1]<br>            RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 3:19-CV-825-K-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. As detailed here, Petitioner Jesus Eden Garcia's petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

**I.    BACKGROUND**

Following a mistrial and a plea of not guilty, the trial court found Garcia guilty of continuous sexual abuse of a child younger than fourteen years and sentenced him to 25 years' imprisonment. *State v. Garcia*, No. F13-51340-X (Crim. Dist. Ct. No. 6, Dallas Cty., Tex., Mar.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of the petitioner. Because Garcia challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. TDCJ-CID Director Lorie Davis is therefore substituted as respondent in this case. Garcia may object to this substitution within the 14-day period for filing objections set out below.

28, 2017). His conviction was affirmed on direct appeal. *Garcia v. State*, No. 05-17-00356-CR, 2018 WL 1559872, at *1 (Tex. App.—Dallas Mar. 30, 2018, pet. ref'd). Garcia did not subsequently seek state habeas relief.

On April 2, 2019, Garcia filed in this Court a *Notice of Appeal* and an *Application for Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07*. Doc. 3. Because it was unclear whether he intended to file his pleading in federal court or state court, the Court issued a *Notice of Deficiency and Order* requiring him to file a federal habeas petition if he intended to proceed in federal court. Doc. 5. On April 19, 2019, Garcia responded that he planned to file his petition in state court, Doc. 7 at 1, and the Clerk of the Court subsequently returned his initial *Application* so that he could file it in state court, Doc. 7 at 2. However, on April 29, 2019, Garcia instead filed on the federal form an *Amended Petition for Writ of Habeas Corpus by a Person in State Custody*. Doc. 8.

Having now reviewed the online records and all of the applicable pleadings and law, the Court concludes that Garcia's *Amended Petition* is unexhausted and should be dismissed without prejudice.[2]

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "is satisfied when the

---

[2] Although Garcia filed a motion to proceed *in forma pauperis*, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.

substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Garcia has not satisfied the exhaustion requirement. A review of his *Amended Petition* and a search of the state courts' docket sheets (available online) confirms that he did not file a state habeas application challenging his underlying conviction. Doc. 8 at 4.[3] While Garcia acknowledges mailing his state application on March 26 and again on April 22, 2019, no such application has been filed, much less considered. Doc. 8 at 4, 11. Therefore, the Texas Court of Criminal Appeals has not had an opportunity to consider Garcia's claims and, consequently, they remain unexhausted.

### III. CONCLUSION

For the foregoing reasons, the amended petition for writ of habeas corpus should be

---

[3] The Dallas County District Court and Texas Court of Criminal Appeals online docket sheets are available at http://courtecom.dallascounty.org/publicaccess/ and http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited May 2, 2019).

**DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[4]

**SO RECOMMENDED** on May 21, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[4] A one-year statute of limitations for filing habeas corpus petitions is applicable to any petition Garcia has or may file in federal court. 28 U.S.C. § 2254(d).